IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHIEF MICHAEL S. OWL FEATHER-GORBEY (BOP Register No. 33405-013), | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-26-L-BN |
| ADMINISTRATOR F. BOP GRAND PRAIRIE, ET AL., | § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* action has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Chief Michael S. Owl Feather-Gorbey ("Gorbey") pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

## Applicable Background

Gorbey, a federal inmate incarcerated at USP Lee, in Jonesville, Virginia, brings this civil rights action against officials at the Bureau of Prisons's (the "BOP") Designation and Sentence Computation Center ("DSCC"), in Grand Prairie, Texas,

located in the Dallas Division of the Northern District of Texas. Gorbey alleges that officials at DSSC (1) violated BOP policy and his right to due process "by unjustly [and] repeatedly placing management variables (mgtv) upon [him] as disciplinary actions without any disciplinary hearings"; (2) "forc[ed] upon [him] imminent dangers, extreme prison conditions and or significant hardships because of error or unjustly applying the present (mgtv) to [him]"; and (3) have "otherwise unjustly transfer[red him] from facility to facility retaliating for [his] filing[s]." Dkt. No. 1.

Among other relief, Gorbey requests monetary damages ("$200,000.00 cash"), *see id.*, and he has moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2. This action was initially filed in the Waco Division of the Western District of Texas but was ordered transferred to this Court under 28 U.S.C. §§ 1391(b) and 1404(a). *See* Dkt. No. 4.

Gorbey, whether proceeding under his current moniker or as "Michael S. Gorbey" or "Michael Steven Owlfeather," is no stranger to the federal courts. *See, e.g., Gorbey v. Obama*, No. 7:16-cv-00455, 2016 WL 7157989 (W.D. Va. Dec. 6, 2016) (admonishing Gorbey that "[p]risoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions"; warning him "that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction"; and noting that Gorbey has filed at least "twenty-five cases that qualify as strikes under 28 U.S.C. § 1915(g)" (as to the last point citing *Gorbey v. Fed. Bureau of Alcohol, Tobacco,*

*Firearms. & Explosives, et al.*, No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012))).

## Legal Standards and Analysis

A prisoner like Gorbey – as shown by the record set our above – may not proceed IFP if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under

imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

Gorbey's imminent-danger allegations, to the extent that the Court can consider them specific and imminent or ongoing, center on officials at the facility where he is incarcerated, none of whom are defendants here. *See* Dkt. No. 1 at 9-12. And "none of the claims that he is under imminent danger of serious physical injury is directly attributable to the conduct of the Defendants in this matter or can be immediately redressed by this lawsuit.... [Gorbey] therefore has failed to show a sufficient nexus between the alleged danger and the asserted civil rights violation to overcome the three-strikes bar." *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam) ("Stine has also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas, because they have no control of conditions at [his BOP facility] and because Stine has no right to be assigned to any

particular prison." (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976))); *see also Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)")); *cf. Clay v. Doctor Zae Young Zeon*, No. H-14-0057, 2014 WL 204241, at *1 (S.D. Tex. Jan. 17, 2014) ("The court will ... determine whether Clay is in imminent danger of serious physical harm attributable to acts or omissions by custodial officials and whether the danger is attributable to the facts alleged in the complaint." (citing *Pettus*, 554 F.3d at 297-98)).

Gorbey should therefore be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Gorbey pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 9, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE