IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHIEF MICHAEL S. OWL FEATHER GORBEY, #33405-013,** | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:17-CV-26-L-BN** |
| | § § | |
| **ADMINISTRATOR F. BOP GRAND PRAIRIE and F. BOP UNITED STATES,** | § § § | |
| Defendants. | § § | |

# ORDER

The case was referred to Magistrate Judge David L. Horan, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 9, 2017, recommending that the court summarily dismiss without prejudice this action pursuant to 28 U.S.C. § 1915(g), unless Plaintiff pays the full filing fee of $400 within the time for filing objections to the Report or another deadline set by the court. In support of the Report, the magistrate judge notes that Plaintiff has filed three or more frivolous civil actions in federal court that were dismissed with prejudice, and that Plaintiff does not satisfy the imminent danger exception to the "three strikes" bar applicable to prisoner lawsuits. Report 3.

Plaintiff filed objections to the Report on February 22, 2017, but never paid the required filing fee. In his objections, Plaintiff contends that application of section 1915(g) is an unconstitutional denial of due process and that the magistrate judge should be required to recuse himself for bias because his imminent danger determination is arbitrary and retaliatory. Plaintiff

Order – Page 1

cites a number of cases, but the matters raised by him do not satisfy the imminent danger standard in the Report. Accordingly, the objection is **overruled.**

After carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g) for failure to pay the required filing fee.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the $505 fee in full immediately. As provided above, however, Plaintiff may challenge this

determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

    **It is so ordered** this 3rd day of April, 2018.

                                              Sam A. Lindsay
                                              United States District Judge